UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  25-03131 (UNA) |
| | ) | |
| CHRISTINA FONTANA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application to proceed *in forma pauperis*. For the following reasons, the Court grants the application and dismisses the complaint.

In this action for copyright infringement, Plaintiff sues filmmaker Christina Fontana. He alleges that "facts in the [Relentless] TV Series," a true crime docuseries on HBO Max, are excerpts from his "Autobiography (sic) Regarding Glen Ledbetter, his stepdad Robert E Fogle Jr, and Glen Ledbetter's Ex Wife Rose Ellen Fogle!"  Plaintiff also "alleges harassment and abuse from the LGBTQ and Fontana" and requests "royalties."  Compl., ECF No. 1 at 2.

To plead copyright infringement, a plaintiff must allege plausible facts establishing his ownership of a registered copyright and "that the defendant has taken enough original elements protected by that copyright to create a substantially similar copy." *Nichols v. Club for Growth Action*, 235 F. Supp.3d  289, 293 (D.D.C. 2017).  "The mere fact that a work is copyrighted" does not suffice. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 348 (1991). To be protected, the "work must be original to the author," *i.e.*, "independently created . . . as opposed to copied from other works" and have "some minimal degree of creativity." *Id*. at

345 (parenthesis omitted).  No author "may copyright facts or ideas," however.  *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1295 (D.C. Cir. 2002) (quoting *Feist Publ'ns*, 499 U.S. at 350).

Plaintiff's vague allegations fail to state a claim under the Copyright Act or any other federal statute, and "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (collecting cases).  Therefore, this case will be dismissed by separate order.

                                                    /s/
Dated: December 29, 2025                    ANA C. REYES
                                                    United States District Judge